## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

Tiffany Whitfield, individually and on behalf of all others similarly situated,

        Plaintiff,

vs.

Contract Callers, Inc.,
Diverse Funding Associates, LLC, and John Does 1-25

        Defendants.

Case No.: 1:21-cv-01540-RDB

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CONTRACT CALLERS, INC.'S AND DIVERSE FUNDING ASSOCIATES, LLC'S MOTION TO DISMISS

# TABLE OF CONTENTS

I.      INTRODUCTION ...................................................................................................1

II.     ARGUMENT .........................................................................................................2

        A.      Plaintiff cannot assert that a statutory violation is per se concrete injury post-
                *TransUnion.* ...............................................................................................2
                1.      *TransUnion* ....................................................................................2
                2.      *Curtis*...............................................................................................2
                3.      Post-*TransUnion*, Plaintiff cannot establish concrete harm merely by
                        claiming an alleged "substantive" violation of a statute ...........................4

        B.      Plaintiff has not alleged concrete harm.......................................................7
                1.      Plaintiff has not alleged harm that materialized .........................7
                2.      Plaintiff has not identified independent injury...........................11
                        a.      Plaintiff fails to allege independent injury relating
                                to common law...............................................................11
                        b.      Plaintiff has not alleged harm identified by Congress with respect
                                to her 1692g claim  ...................................................12
                        c.      Plaintiff has not alleged harm identified by Congress respect to her
                                Section 1692e claim..................................................12

        C.      Plaintiff's Opposition fails to demonstrate how her Complaint states a claim......14
                1.      Plaintiff's Opposition fails to show that CCI's Letter was misleading .....14
                2.      Plaintiff's Opposition does not establish she alleged a material
                        misrepresentation .........................................................16
                3.      Plaintiffs Section 1692 and 1692f claims fail for the same reasons
                        Plaintiff's 1692e claims fail .................................................18
                4.      Plaintiff concedes her claims against DFA are purely vicarious ...............18

III.    CONCLUSION.....................................................................................................18

# TABLE OF AUTHORITIES

*Adams v. Skagit Bonded Collectors, LLC*,
836 F. App'x 544 (9th Cir. 2020)....................................................5, 6, 7, 8, 9


*Africano-Domingo v. Miller & Steeno, P.C.*,
2020 WL 4586107 (N.D. Ill. Aug. 10, 2020) ...............................................14


*Babbitt v. United Farm Workers Nat'l Union*,
442 U.S. 289, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979)....................................3


*Bautz v. ARS Nat'l Servs.*,
226 F. Supp. 3d 131 (E.D.N.Y. 2016) .....................................................6, 13


*Blick v. Shapiro & Brown, LLP*,
2018 WL 9619432 (W.D. Va. July 12, 2018)...............................................12


*Byrne v. Oregon One, Inc.*, No. 3:16-CV-01910-SB,
2017 WL 3568412 (D. Or. July 18, 2017)......................................................6


*Cohen v. Rosicki, Rosicki & Assocs., P.C.*,
897 F.3d 75 (2d Cir. 2018)...........................................................................5


*Costa v. Nat'l Action Fin. Servs.*,
 634 F. Supp. 2d 1069 (E.D. Cal 2007).........................................................17


*Curtis v. Propel Prop. Tax Funding, LLC*,
915 F.3d 234 (4th Cir. 2019) .............................................................2, 3, 4, 5


*De Amaral v. Goldsmith & Hull*,
2014 WL 572268 (N.D. Cal. Feb. 11, 2014) ...............................................15


*Donohue v. Quick Collect, Inc.*,
592 F.3d 1027 (9th Cir. 2010) ....................................................................16


*Eun Joo Lee v. Forster & Garbus LLP*,
926 F. Supp. 2d 482 (E.D.N.Y. 2013) .........................................................15


*Frazier v. First Advantage Background Servs. Corp.*,
2019 WL 4601616 (E.D. Va. Sept. 23, 2019).................................................4


*Guerrero v. GC Servs. Ltd. P'ship*,
2017 WL 1133358 (E.D.N.Y. Mar. 23, 2017).................................................6


*Heathman v. Portfolio Recovery Assocs., LLC*,
2013 WL 3746111 (S.D. Cal. July 15, 2013) ...............................................15

*In re FDCPA Mailing Vendor Cases*,
2021 WL 3160794 (E.D.N.Y. July 23, 2021) ................................................5, 6, 9, 11

*Kale v. Procollect, Inc.*,
2021 WL 2784556 (W.D. Tenn. July 2, 2021) ........................................................4, 5

*Lenzini v. DCM Services, LLC*,
2021 WL 2139433 (N.D. Cal. May 26, 2021) ...................................................8, 9, 10

*Lupia v. Medicredit, Inc.*,
8 F.4th 1184 (10th Cir. 2021) ......................................................................................11

*Macy v. GC Servs. Ltd. P'ship*,
897 F.3d 747 (6th Cir. 2018) ...................................................................................4, 5

*Maxwell v. The Law Office of Jennifer McCoy, P.C.*
2021 WL 3741999 (S.D. Ind. Aug. 23, 2021) ............................................................10

*Powell v. Palisades 16 XVI, LLC*,
782 F.3d 119 (4th Cir. 2014) ......................................................................................16

*Price-Richardson v. DCN Holdings, Inc.*,
2018 WL 902167 (D. Md. Feb. 15, 2018) ......................................................16, 17, 18

*Sivongxay v. Medcah, Inc.*,
2017 WL 5162799 (D. Haw. Nov. 7, 2017) ...............................................................15

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016) .........................................3, 4, 6, 7, 11, 12

*Stewart v. Bierman*,
859 F. Supp. 2d 754 (D. Md. 2012) ......................................................................17, 18

*Taylor v. Timepayment Corp.*,
2019 WL 1449622 (E.D. Va. Mar. 31, 2019) ...............................................................4

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021) ...............................................2, 3, 4, 5, 6, 7, 11, 12, 13, 14, 18

*Trichell v. Midland Credit Mgmt., Inc.*,
964 F.3d 990 (11th Cir. 2020) ..........................................................................6, 7, 8, 13

*Tourgeman v. Collins Fin. Servs., Inc.*,
755 F.3d 1109 (9th Cir. 2014) ....................................................................................15

*Tyler v. Timothy E. Baxter & Assocs., P.C.*,
2018 WL 5078373 (E.D. Mich. Oct. 18, 2018) ................................................1, 10, 13, 14, 16, 17

*Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*,
No. 20-5902, 2021 WL 3616067 (6th Cir. Aug. 16, 2021) .......................................................5, 7

*Williams v. Rushmore Loan Mgmt. Servs., LLC,*
2018 WL 1582515 (D. Conn. Mar. 31, 2018) .................................................................................6

## I.  <u>INTRODUCTION</u>

Plaintiff's Opposition cannot save her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Plaintiff's Opposition asserts that there is a difference between not mentioning an original creditor at all and a blank space next to the words "The original creditor was" that is an obvious mistake.  Plaintiff is wrong.  *See Tyler v. Timothy E. Baxter & Assocs., P.C.*, No. 17-13740, 2018 WL 5078373 (E.D. Mich. Oct. 18, 2018).

The Court in *Tyler* held that "the blank spot where the creditor's name should have appeared could have indicated obvious error; it did not provide inaccurate or misleading information."  *Id.* at *4.



Aisha Tyler

Creditor To Whom The Debt Is Owed:
Amount Claimed Due:  $1,022.77
Our File No.:

See Ex. 1 to Defendants' Request for Judicial Notice in Support of Reply ("RJN").

The Court in *Tyler* granted the defendant's motion to dismiss for lack of subject matter jurisdiction because the plaintiff did not allege concrete harm, and so should the Court here. Without any inaccurate or misleading information to support her Complaint, Plaintiff's Opposition fails to show how Plaintiff alleges concrete harm or facts supporting a FDCPA claim.  Plaintiff's Complaint should be dismissed.

/ / /

/ / /

## II.    ARGUMENT

### A.    Plaintiff cannot assert that a statutory violation is *per se* concrete injury post-*TransUnion*

#### 1.    *TransUnion*

Plaintiff asserts that because she has alleged substantive violations of the FDCPA, not procedural violations, she has *per se* established Article III concrete harm.  (Opp. at 5-9)  However, the *TransUnion* Court recently emphasized that "an injury in law is not an injury in fact." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021).  Instead, in all cases, "[o]nly those plaintiffs who have been concretely harmed by a defendant's statutory violation may sue that private defendant over that violation."  *Id.*  The *TransUnion* Court did not limit to "procedural" violations Article III's requirement that plaintiffs demonstrate real world injury resulting from a statutory violation.

Plaintiff's reliance on pre-*TransUnion* cases for the proposition that as long as she alleges that the statutory violation is substantive, she does not need to further demonstrate concrete harm lacks merit, as shown below.

#### 2.    *Curtis*

Plaintiff asserts that the Fourth Circuit's decision in *Curtis* lends support for the proposition that a statutory violation that reaches the very purpose of the statute constitutes a substantive violation of a person's rights.  *Curtis v. Propel Prop. Tax Funding, LLC*, 915 F.3d 234, 241 (4th Cir. 2019).  In *Curtis,* the Fourth Circuit considered whether a plaintiff had standing to bring suit based on the defendant's alleged violations of the Electronic Funds Transfer Act (the "EFTA"). (Opp. at 6)  *See generally Curtis*, 915 F.3d 234.  The plaintiff alleged that the lender defendant required him to repay the defendant "by preauthorized electronic funds transfers ("EFTs") and that the required authorization form [did] not contain a space that would allow him to indicate that he

declined to do so." *Id.* at 238. The defendant argued that, even if it violated the EFTA, the violation constituted a mere procedural violation, which alone would not confer standing. *Id.* at 241–42.

The Fourth Circuit rejected the argument, finding that the lender violated the plaintiff's substantive statutory rights, explaining: "Congress enacted [the] EFTA to protect 'individual consumer rights' in the context of electronic fund transfers." *Id.* at 241 (quoting 15 U.S.C. § 1693(b)). "Among these substantive rights is the right of a consumer to enter into a credit agreement without being required to agree to preauthorized EFTs. [15 U.S.C.] § 1693k. This is the same right that [the plaintiff] alleges that [the defendant] violated." *Id.*

Most important to our case, the Fourth Circuit in *Curtis* went on to state: "And even if we accept Propel's premise that Curtis has not yet been injured, **Curtis would still have standing to challenge the TPA immediately because there is a "realistic danger" that Curtis will "sustain[ ] a direct injury" as a result of the terms of the TPA.**" *Id.* (citations omitted) (emphasis added). Specifically, because the defendant allegedly required the plaintiff Curtis to agree to preauthorized EFTs, when the time would come for the plaintiff to pay defendant he would either need to make an EFT payment or attempt to withdraw his EFT authorization in response. Therefore, the court held that the defendant's injury was "actual or imminent" for purposes of standing. *Id.* (citing *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1548,194 L. Ed. 2d 635 (2016); *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298, 99 S.Ct. 2301, 60 L.Ed.2d 895 (1979) ("[O]ne does not have to await the consummation of threatened injury to obtain preventative relief. If the injury is certainly impending, that is enough.")

**3.     Post-*TransUnio*n, Plaintiff cannot establish concrete harm merely by claiming an alleged "substantive" violation of a statute**

Contrary to Plaintiff's assertion, the Fourth Circuit's decision in *Curtis* does not mean that Plaintiff alleges concrete harm simply by alleging violation of Sections 1692e and 1692g of the FDCPA. *Curtis* is based in part on the proposition that imminent harm is sufficient in a suit for actual damages. 915 F.3d at 241. This concept was rejected by the Court in *TransUnion*.

> The Court has recognized that material risk of future harm can satisfy the concrete-harm requirement in the context of a claim for injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial. See Spokeo, 578 U. S., at 341–342, 136 S.Ct. 1540 (citing Clapper v. Amnesty Int'l USA, 568 U.S. 398, 133 S.Ct. 1138, 185 L.Ed.2d 264). But TransUnion advances a persuasive argument that the mere risk of future harm, without more, cannot qualify as a concrete harm in a suit for damages.

*TransUnion,* 141 S. Ct. at 2197.

Plaintiff's reliance on *Taylor v. Timepayment Corp*., No. 3:18CV378, 2019 WL 1449622, at *8 (E.D. Va. Mar. 31, 2019) (Opp. 6) and *Frazier v. First Advantage Background Servs. Corp*., No. 3:17CV30, 2019 WL 4601616, at *10 (E.D. Va. Sept. 23, 2019) (Opp. at 7) should be disregarded as they rely upon *Curtis* to assert that alleging violation of a statute in of itself can establish concrete harm.

The decision in *Kale v. Procollect, Inc*., No. 2:20-CV-2776-SHM-TMP, 2021 WL 2784556, at *3 (W.D. Tenn. July 2, 2021) is instructive on this point. In *Kale*, the plaintiff asserted that the Sixth Circuit's decision in *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747 (6th Cir. 2018) held that a procedural violation of the FDCPA was an injury in fact. *Id.* The Court in *Kale* rejected this argument, holding that the Sixth Circuit's precedents applying risk-of-harm analysis were now clarified and modified by *TransUnion*. *Id.* It held that because "Spokeo did not hold that the mere risk of future harm, without more, suffices to demonstrate Article III standing in a suit for damages," the plaintiff lacked standing to raise her FDCPA claims. *Id.* (citing *TransUnion*, 141

S. Ct. at 2210). *See also Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, No. 20-5902, 2021 WL 3616067, at *3 (6th Cir. Aug. 16, 2021) (holding that *TransUnion* abrogated *Macy*'s "risk of harm" analysis).

*Kale* was cited with approval in in a recent decision by a district court within the Second Circuit, *In re FDCPA Mailing Vendor Cases*, No. CV 21-2312, 2021 WL 3160794 (E.D.N.Y. July 23, 2021), at *1 [hereinafter *Mailing Vendor Cases*]. In that case, just as in our case, the plaintiffs asserted the defendant violated Section 1692e of the FDCPA by not properly identifying the current creditor. *Id.* at *5 & Exhs. 1 & 2 to Defendants' Request for Judicial Notice ("RJN"). The Eastern District of New York in *Mailing Vendor Cases* held that plaintiffs lacked standing to assert these claims based on allegations of bare confusion. *Id.* at *7. The Court in *Mailing Vendor Cases* did so despite the Second Circuit's precedent in *Cohen v. Rosicki, Rosicki & Assocs., P.C.,* 897 F.3d 75, 81 (2d Cir. 2018) applying a "risk of harm" analysis similar to Court in *Curtis* (915 F.3d at 241) to establish standing for FDCPA claims. In doing so, the Court in *Mailing Vendor Cases* refused to hold that an alleged violation of 1692e (allegedly substantive according to Plaintiff) automatically establishes Article III injury. This result is consistent with *TransUnion*.

Moreover, Plaintiff's Opposition never addresses Defendants' citation to the Ninth Circuit's decision in *Adams v. Skagit Bonded Collectors, LLC*, 836 F. App'x 544, 546 (9th Cir. 2020). In *Adams*, the Ninth Circuit addressed Article III standing for allegations that that a current creditor was not sufficiently identified in violation of the 1692g and 1692e. The Court rejected the notion that these claims were more substantive than procedural, stating in pertinent part: "[B]ecause not every misleading statement in a debt collection letter necessarily threatens the recipient's concrete interests, we consider the alleged violation here more procedural than substantive." *Id.* (citations omitted).

Plaintiff's reliance on *Byrne v. Oregon One, Inc.*, No. 3:16-CV-01910-SB, 2017 WL 3568412, at *8 (D. Or. July 18, 2017) (Opp. at 7, & n.1,4), *report and recommendation adopted*, No. 3:16-CV-01910-SB, 2017 WL 3568398 (D. Or. Aug. 16, 2017) is misplaced as it is contrary to both the Ninth Circuit decision in *Adams* and the U.S. Supreme Court in *TransUnion* on this issue.

Plaintiff's cited authority *Bautz v. ARS Nat'l Servs.*, 226 F. Supp. 3d 131, 141 (E.D.N.Y. 2016) (Opp. at 8, & 8 n.7, & 10) states there is "is a meaningful distinction between the direct violation of a specific statutory interest that Congress has recognized—for example, the right to truthful information in debt collection communications—and an ancillary procedural infraction that may or may not materially harm that interest," but *TransUnion* expressly rejected standing for bare informational injuries. An "asserted informational injury that causes no adverse effects cannot satisfy Article III." *TransUnion*, 141 S. Ct. at 2214 (citing *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990 (11th Cir. 2020) with approval).

Moreover, the post-*TransUnion* decision of the Eastern District of New York in *Mailing Vendor Cases* held that a plaintiff needs to allege concrete harm beyond asserting violations of the FDCPA. Therefore, decisions of district courts within the Second Circuit addressing post-*Spokeo* but pre-*TransUnion* are inopposite. *Guerrero v. GC Servs. Ltd. P'ship,* No. CV157449DRHAKT, 2017 WL 1133358, at *1 (E.D.N.Y. Mar. 23, 2017) (Opp. at 13, n. 7); *Williams v. Rushmore Loan Mgmt. Servs., LLC,* No. 3:15-CV-673 (RNC), 2018 WL 1582515 (D. Conn. Mar. 31, 2018); *Bautz, supra*).

Plaintiff's Complaint does not assert the type of claims whereby the harm is established by the sending of the letter itself. Plaintiff can only allege contingent harm that may have resulted from the sending of the letter. Despite *Spokeo*'s suggestion, a risk of harm is not sufficient, in and

of itself, to be a concrete injury for standing purposes in a suit for damages (although it could be in a suit for injunctive or declaratory relief). *TransUnion*, 141 S. Ct. at 2211. Rather, plaintiffs must demonstrate that the "the risk of future harm materialized," or that the plaintiffs "were independently harmed by their exposure to the risk itself." *Id.* at 2211. Under this test, Plaintiff fails to sufficiently allege harm as shown below.

**B.    Plaintiff has not alleged concrete harm**

**1.    Plaintiff has not alleged harm that materialized**

 To determine whether there was harm that "materialized" the Supreme Court in *TransUnion* looked to the common law. 141 S. Ct. at 2209-2211. So did the Sixth Circuit in *Ward v. Nat'l Patient Acct. Servs. Sols., Inc*., No. 20-5902, 2021 WL 3616067, at *3 (6th Cir. Aug. 16, 2021) (no harm materialized where procedural injuries the plaintiff asserted did "not bear a close relationship to traditional harms.") This is in line with *Spokeo*, which looks in part to whether there is a common law analog. (See Defendants' Memorandum in Support of its Motion to Dismiss, Dkt 7-1 at 12, citing *Spokeo*, 136 S.Ct. at 1549)

Plaintiff does not dispute the common law analog in this case is fraud or misrepresentation. (Opp. at 10.) Instead, she argues that it does not need to be a one-to-one relationship and that reliance is not required (Opp. at 11-12), but this is the very type of a bare "informational injury" rejected by the Court in *TransUnion*. 141 S. Ct. at 2214 (citing *Trichell,* 964 F.3d at 999, n.2). According to the Supreme Court there was no standing where the plaintiffs identified no "downstream consequences" from failing to receive the required information. *Id.* (citing *Trichell*, 964 F.3d at 1004).

The Ninth Circuit's decision in *Adams* required more than bare confusion with respect to a creditor identification in a collection letter:

Nothing in the Complaint suggests he took or forewent any action because of the allegedly misleading statements in the letters. Rather, the Complaint includes a bare allegation of confusion. Without more, confusion does not constitute an actual harm to Adams's concrete interests. *Cf. Syed v. M-I, LLC*, 853 F.3d 492, 499-500 (9th Cir. 2017) (holding that a plaintiff had standing under the Fair Credit Reporting Act when the court could "fairly infer" that his alleged confusion caused him to sign a liability waiver he otherwise would not have).

*Adams*, 836 F. App'x at 547.

The 11th Circuit in *Trichell* endorsed a similar notion of reliance with respect to Section 1692e claims:

The claims asserted here depart dramatically from these centuries of tradition. The plaintiffs seek to recover for representations that they contend were misleading or unfair, but without proving even that they relied on the representations, much less that the reliance caused them any damages. By jettisoning the bedrock elements of reliance and damages, the plaintiffs assert claims with no relationship to harms traditionally remediable in American or English courts.

*Trichell*, 964 F.3d at 998.

The Court in *Lenzini v. DCM Services, LLC*, No. 4:20-CV-07612-YGR, 2021 WL 2139433, at *4 (N.D. Cal. May 26, 2021) similarly saw fit to reject similar bare claims that did not establish reliance:

"Due to [DCM's] failure to identify the current creditor, [Lenzini] did not make a payment on the subject debt as the omission of the identify of the current creditor rendered it impossible for [Lenzini] to determine whom she is ultimately paying." FAC ¶ 32. Beyond this scant allegation, Lenzini provides no further detail or action undertaken. Lenzini does not allege she would have made payment to Capitol One but believed Kohl's might have been more appropriate (or even vice versa). Nor does she adequately explain or allege how it was confusing where Capitol One was listed as both the "original creditor" and the "creditor" on the letter sent from DCM. ***Thus, Lenzini's allegations are deficient in explaining Lenzini's reliance or demonstrating any risk of actual confusion resulting from the letter***.

*Id.* at *4 (emphasis added).

Plaintiff's Opposition (Opp. at 13-14) reiterates multiple bare allegations of confusion:

▪  "Specifically, because it appears that Diverse Funding is both the original and current creditor, the Section 1692g(a)(5) notice is defective." (Complaint ¶ 36)

- Plaintiff's statement that "This false, deceptive, or misleading listing of the name of the creditor prevents Plaintiff from determining which debt is being referenced here, to whom, and if, payment should be made, which debt is owned by whom, and the possible benefits and/or detriments to the consumer of these relevant facts." (Complaint ¶ 40)
- "Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt" ( Complaint ¶ 47)
- "Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment." (Complaint ¶ 49)
- Plaintiff "would have pursued a different course of action were it not for Defendants' statutory violations." (Complaint ¶ 50)

The Courts in *Adams* and *Lenzini* rejected these same type of bare confusion claims. *See also Mailing Vendor Cases*, 2021 WL 3160794, at *7.

The primary focus in the *Mailing Vendor Cases* was the assertion that the sending of collection letters to a vendor violated the FDCPA prohibitions against disclosures of debt information. *Id.* However, the Court also addressed lack of Article III standing for two complaints asserting Section 1692e claims, *Ford v. Alpha Recovery Corp.*, 2:21-cv-02587-GRB-SIL (E.D.N.Y. Filed 05/08/21) and *Kivo v. State Collection Service, Inc.*, 2:21-cv-03434-GRB-ARL (E.D.N.Y. Filed 06/17/21). *Id.* at *7.

Specifically, in those two actions, the Court held that "counsel seems to be invoking the notion that an original creditor is not properly identified, suggesting that the notice fails under the least sophisticated consumer test." 2021 WL 3160794, at *7.

The Court in *Mailing Vendor Cases* held that the two complaints in *Ford* and *Kivo* were devoid of any allegations with respect actual injury relating to the 1692e claims. *See id.* & Exhs. 1 & 2 to RJN. One of the lawyers for the plaintiff in *Ford* asserted in a letter to the Court in *Mailing Vendor Cases* that the following allegations could establish actual injury:

> Specifically, related to Defendant's attempts to collect money from Plaintiff that he did not owe, Plaintiff suffered emotional distress, confusion as to his rights and why Defendant was seeking to collect money from him that he did not owe, frustration, worry, and lost time.... Plaintiff was distressed that he was being subjected to collection attempts on a debt he did not owe.

*Id.* at *7.

However, the Court rejected any notion that these allegations, even if they had been pleaded, established actual injury from receiving the purportedly false notice. *Id.* Therefore, Plaintiff assertion of "lost time and "emotional harm" (Complaint ¶¶ 42-44) as a result of CCI's Letter cannot establish actual harm.

That just leaves Plaintiff's allegation that "Plaintiff would not request the name of the original creditor as permitted by Section 1692g(5) since it appears to be the same as the current creditor." (Complaint ¶ 37) However, reliance must be justifiable. The blank space is an obvious mistake. *See Tyler, supra.* The letter states DFA "***is now*** the creditor to whom this debt is owed" (Ex. A to Complaint) (emphasis added), implying DFA is not the original creditor.

Plaintiff's assertion is that she did nothing, which does not establish concrete harm. *See Maxwell v. The Law Office of Jennifer McCoy, P.C.* No. 120CV03239DLPJPH, 2021 WL 3741999, at *5 (S.D. Ind. Aug. 23, 2021) (holding "the reasonable inference would be that a threat of further late charges would induce a debtor to pay sooner than they otherwise would, but Ms. Maxwell took no action to pay, contest, or clarify her debt with the Defendant debt collector or in the state court action. There is consequently no room for the Court to infer detrimental reliance.")

Moreover, the letter implies that DFA was not the original creditor. Plaintiff has not "adequately explained" per *Lenzini* as to why she would believe that DFA was the original creditor, and therefore cannot "adequately explain" why she would not request the name of the original

creditor. Plaintiff therefore has not identified any risk of harm relating to the common law that materialized.

### 2. Plaintiff has not identified independent injury

In *TransUnion*, the Supreme Court held that the plaintiffs failed to present evidence that the class members were independently harmed by their exposure to the risk itself—that is, that they suffered some other injury (such as an emotional injury) from the mere risk that their credit reports would be provided to third-party businesses. 141 S. Ct. at 2211. As stated above, Plaintiff asserts that as long as she alleges that the alleged violation resulted in a harm that Congress intended to prevent, she has stated a substantive violation and does not need to allege any specific additional harm. These pre-*TransUnion* decisions are inapposite for the reasons set forth above. See Section II.A.3, *supra*.

In contrast, the Eastern District New York, applying *TransUnion,* has held that a Section 1692e claim for failure to properly identify the original creditor did not allege sufficient concrete harm and dismissed that claim. See *Mailing Vendor Cases*, *supra*, at *7. As shown below, Plaintiff cannot establish independent injury as required as *TransUnion*.

### a. Plaintiff fails to allege independent injury relating to common law

Emotional distress and confusion are not harms actionable with respect to the risk of common law fraud. *Mailing Vendor Cases*, *supra*, at *7. Plaintiff cannot allege independent injury in this regard. Nor can Plaintiff alleged risk of independent injury with respect to the harms identified by Congress. Although the *TransUnion* Court did not appear to address the claims before it in terms of the harm identified by Congress, only the harm relating to a common law analog (141 S. Ct. at 2209-2211), Congressional judgment is part of the *Spokeo* analysis asserted in Defendants' motion (Dkt 7-1 at 15-17), so Defendants address it here. *See also Lupia v.*

*Medicredit, Inc.*, 8 F.4th 1184 (10th Cir. 2021) (looking to judgment of Congress pursuant to *Spokeo* but acknowledging it cannot "treat an injury as 'concrete' for Article III purposes based only on Congress's say-so") citing *TransUnion LLC*, 141 S. Ct. at 2205).

> **b.**   **Plaintiff has not alleged Congressional injury with respect to her 1692g claim**

With respect to Plaintiff's Section 1692g claim, Plaintiff's Opposition fails to address specific goal of Section 1692g as identified in this Circuit: "Consistent with the legislative history, verification is only intended to 'eliminate the ... problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid.' " *Blick v. Shapiro & Brown, LLP*, No. 3:16-CV-00070, 2018 WL 9619432, at *4 (W.D. Va. July 12, 2018) (citing S. Rep. No. 95–382, at 4 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1699).

Plaintiff's Opposition and Complaint does not state that CCI's letter dunned the wrong person or attempted to collect debts Plaintiff already paid. (Complaint ¶¶ 42-43.) Therefore, she has not alleged any injury from the risk Section 1692g was designed to protect.

Instead, she asserts that the issue is whether Plaintiff was influenced into not disputing the debt pursuant to 1692g(a)(5). "Letter's insinuation that Defendant was both the original and current creditor caused Plaintiff to simply assume that to be true, giving her to believe further requests for information regarding the original creditor's name would be fruitless." In other words, she seeks to bootstrap her 1692g claim via her Section 1692e claim. (Opp. at 13) However, that assertion fails as shown below.

> **c.**   **Plaintiff has not alleged Congressional injury with respect to her Section 1692e and Section 1692f claim.**

Plaintiff asserts multiple courts have recognized, "Congress enacted the FDCPA to remedy a distinct problem: 'abusive debt collection practices by debt collectors, to ensure that  those debt

collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Bautz*, 226 F. Supp. 3d at 142 (quoting 15 U.S.C. § 1692(e)).

However, any Congressionally identified injury with respect to 1692e, 1692f and 1692g in this context must be material. The Supreme Court in *Transunion*, cited the 11th Circuit decision with approval on the notion that there must be "downstream consequences". 141 S. Ct. at 2214. The Court in *Trichell* made it clear that Congress was not concerned with statements that induce no reliance.

> "Here, the judgment of Congress disfavors Trichell and Cooper. The FDCPA's statutory findings contain one sentence identifying the harms against which the statute is directed: "Abusive debt collection practices contribute to [a] number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). These serious harms are a far cry from whatever injury one may suffer from receiving in the mail a misleading communication that fails to mislead.

*Trichell*, 964 F.3d at 999.

The blank space next to the phrase "The Original Creditor is" is not misleading but an obvious mistake. *Tyler*, 2018 WL 5078373 at *4. Moreover, the letter informs Plaintiff that DFA "is now" the creditor, implying it was not the original creditor. Therefore, Plaintiff cannot assert that there was a material misrepresentation to trigger Congressional independent injury and resulting harm.

Plaintiff's allegation of "wasted time" is certainly not related to Congressional intent. Plaintiff's Complaint does not establish "the risk of future harm materialized," or that the plaintiffs "were independently harmed by their exposure to the risk itself." *TransUnion* at 2211. Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction.

///

**C.    Plaintiff's Opposition fails to demonstrate how her Complaint states a claim**

**1.    Plaintiff's Opposition fails to show that CCI's Letter was misleading**

CCI's Letter asserts a blank space after the words "The Original Creditor was." Plaintiff's Opposition fails to establish that a blank space that is an obvious mistake is misleading in violation of the FDCPA. Plaintiff concedes that her Section 1692g claim is reliant upon her Section 1692e claims. (Opp. at 10) Without such a misrepresentation, her Complaint fails to state a claim.

*Tyler*, 2018 WL 5078373, is on point. In that case, the plaintiff alleged that the defendant sent a collection letter showing an "Amount Claimed Due" of $1,022.77, yet next to the line "Creditor To Whom The Debt Is Owed," no creditor was identified--the space was blank--and the creditor to whom the debt was owed was not otherwise identified in the letter. *Id.* at *1.

The defendant brought a motion to dismiss for lack of subject matter jurisdiction. The Court held that "much like the "$0.00" amount in [a similar collection letter case], the blank spot where the creditor's name should have appeared could have indicated obvious error; it did not provide inaccurate or misleading information." *Id.* at *4. On the issue of concrete harm, the Court noted that the "plaintiff does not even attempt to show that the failure to identify the creditor in the first correspondence caused any harm beyond a procedural violation-- there is no allegation that it caused additional worry or anxiety, risk of overpayment or any other concrete harm." *Id.* Defendants assert that anxiety and risk of overpayment do not establish concrete harm in this context post-*TransUnion*. However, the proposition in *Tyler* that the blank space is an obvious mistake and not misleading is valid.

None of Plaintiff's cited authorities involve a blank space next to a creditor label. They are also all easily distinguished on other grounds. In *Africano-Domingo v. Miller & Steeno, P.C.*,

No. 19 CV 401, 2020 WL 4586107, at *4 (N.D. Ill. Aug. 10, 2020) (Opp. at 19), the letter at issue identified Kay Jewelers as the "original creditor," and did not refer to any entity as the corresponding "current creditor"—".  According to the Court, someone reading the letter could also reasonably wonder if the 'current creditor' is an unnamed entity."  *Id.*  CCI's Letter identifies the current creditor and specifically states that DFA "is now" the creditor, implying DFA is not the original creditor.

*De Amaral v. Goldsmith & Hull*, No. 12-CV-03580-WHO, 2014 WL 572268, at *7 (N.D. Cal. Feb. 11, 2014) (Opp. at 10) and *Heathman v. Portfolio Recovery Assocs., LLC*, No. 12–CV–515–IEG (RBB), 2013 WL 3746111, at *3 (S.D. Cal. July 15, 2013) (Opp. at 18) are irrelevant as they involve the filing of collection complaints.  The letter at issue here provided the language that Plaintiff could request the name of the original creditor pursuant to 1692g(a)(5).

The notice at issue in *Eun Joo Lee v. Forster & Garbus LLP*, 926 F. Supp. 2d 482, 488 (E.D.N.Y. 2013) (Opp. at 20) did not use the term "current creditor" or otherwise clearly identify the name of the creditor to whom the debt was owed.   In *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1122 (9th Cir. 2014), the letters at issue falsely identified the plaintiff's original creditor as "American Investment Bank, N.A.," when in fact CIT Online Bank originated his loan. (Opp. at 20)

The only issue before the Court in *Sivongxay* was that the defendants used false or deceptive means in assigning their own number to the plaintiff's account while also stating in the same communications the original creditor and original account number."  *Sivongxay v. Medcah, Inc.*, No. CV 16-00415 DKW-KSC, 2017 WL 5162799, at *8 & n.10 (D. Haw. Nov. 7, 2017). The defendants prevailed.

Relying upon these distinguished authorities, Plaintiff's Opposition asserts that a blank after the label "Original Creditor" is closer to misrepresenting the identity of the Original Creditor than not mentioning the Original Creditor at all (Plaintiff concedes the latter does not violate 1692g). Defendants assert that *Tyler* makes it clear that a blank space next to the word "Original Creditor" is an obvious mistake and not misleading.

Moreover, the Court in *Price-Richardson v. DCN Holdings, Inc.*, No. CV MJG-17-2038, 2018 WL 902167, at *7 (D. Md. Feb. 15, 2018) establishes that Section 1692e was meant to avoid deceptive practices, not require "needless disclosures":

> "The Fourth Circuit has not resolved the issue and the Court finds Defendant's logical argument persuasive—Section 1692e and its subparts were intended to protect consumers from deceptive practices, not to require needless disclosures. See § 1692 (stating the purposes behind the FDCPA)."

*Id.* This is exactly what Plaintiff's Complaint seeks—to impose a disclosure requirement not required by 15 U.S.C. 1692g(a)(5) in an initial letter in order to create a 1692e claim. Plaintiff cannot do so. Regardless, even if CCI's Letter was misleading, Plaintiff's Opposition fails to establish how it was material.

### 2. Plaintiff's Opposition does not establish she alleged a material misrepresentation.

As set forth above, Courts have read a materiality requirement into the FDCPA's prohibition of false, deceptive, or misleading practices in connection with the collection of a debt. *See also Powell v. Palisades Acquisition XVI, LLC*, 782 F.3d 119, 126 (4th Cir. 2014). "The materiality requirement limits liability under the FDCPA to genuinely false or misleading statements that 'may frustrate a consumer's ability to intelligently choose his or her response.'" *Powell,* 782 F.3d 119, 126 (4th Cir. 2014) (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027,

1033 (9th Cir.2010)); *Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012) (holding materiality requirement applies to both 1692e and 1692g claims).

Plaintiff cites a host of cases for the proposition that failure to identify the original creditor may be misleading, but as shown above, they are all distinguishable and the Court in *Tyler* held that a similar blank space is not misleading. Because the blank space is not misleading, Plaintiff has no basis to assert her Section 1692e claim.

Moreover, the hypothetical confusion asserted by Plaintiff in her Complaint is not plausible. *See, e.g., Price-Richardson*, 2018 WL 902167, at *8. In that case, cited in the Defendants' Motion, the plaintiff asserted a 1692e(11) claim for failure to disclose it was a debt collector. The Court agreed that "[r]equiring a debt collector to interrupt the conversation to interject she was a debt collector would likely be 'a pointless formality.' " given that the plaintiff had already received a collection letter. *Id.* at *7 (following *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1067-77 (E.D. Cal 2007)).

Defendants have a stronger case than the defendants in *Price-Richardson*. In that case, the defendant did not technically comply with Section 1692e(11), but the Court held that it was disclosure was essentially made. Here, defendant was not required to identify the original creditor under 1692g, but the current creditor designation was clearly made under Section 1692g(a)(2). Moreover, the letter informed Plaintiff that DFA "is now" the creditor, implying that DFA was not the original creditor. Finally, the letter informs Plaintiff that "If you request of the office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor."

Plaintiff's assertion that the least sophisticated consumer was not presented with sufficient information as to the identity of the current creditor does not reach plausibility under *Price-Richardson*.

**3.      Plaintiffs Section 1692g and 1692f claims fail for the same reasons Plaintiff's 1692e claims fail**

Plaintiff's Opposition makes no attempt to assert that her Section 1692f claims are distinct from her Section 1692e claims.  They therefore fail because her Section 1692e claims fail.  *See, e.g., Stewart v. Bierman*, 859 F. Supp. 2d 754, 765 (D. Md. 2012).  Similarly, as Plaintiff does not establish that the statement "The Original Creditor is [blank]" is misleading, the identity of the Current Creditor is not overshadowed in violation of Section 1692g.  This claim fails as well.

**4.      Plaintiff concedes her claims against DFA are purely vicarious**

Plaintiff's Opposition concedes that her claims against DFA are purely vicarious. Because Plaintiff's claims against CCI fail, so do her claims against DFA.

**III.    <u>CONCLUSION</u>**

Plaintiff's Opposition fails to properly address the state of Article III standing post-*TransUnion*.  She has not met her burden to sufficiently allege concrete harm.  Moreover, the blank space next to the words "The Original Creditor was" is not misleading.  Plaintiff's Complaint should be dismissed.

Dated: September 7, 2021   /s/ James M. Connolly
             James M. Connolly (Bar No. 23872)
             KRAMER & CONNOLLY
             465 Main Street
             Reisterstown, MD 21136
             Tel: 410.581.0070 | Fax: 410.581.1524
             jmc@kramerslaw.com
             Counsel for Defendants
             Contract Callers, Inc. and Diverse Funding Associates, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on September 7, 2021, a copy of the foregoing was filed via

CM/ECF which, in turn, shall deliver an electronic notice of this filing to:

      Aryeh E. Stein, Esquire
      Meridian Law, LLC
      600 Reisterstown Road, Suite 700
      Baltimore, Maryland 21208


                            /s/ James M. Connolly
                            James M. Connolly