IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIFFANY WHITFIELD | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-21-1540 |
| CONTRACT CALLERS, INC., *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Tiffany Whitfield ("Plaintiff" or "Whitfield") brings this action on behalf of herself and a class of all others similarly situated against Defendants Contract Callers, Inc. and Diverse Funding Associates, LLC ("Contract Callers" and "Diverse Funding" or "Defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, Currently pending before this Court are Defendants' Motion to Dismiss (ECF No. 7) and Motion for Judicial Notice (ECF No. 10). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the following reasons, Defendants' Motion to Dismiss (ECF No. 7) is GRANTED and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.[1] Defendants' Motion for Judicial Notice (ECF No. 10) is GRANTED.

---

[1] "A dismissal for lack of standing—or any other defect in subject matter jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits." *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff Tiffany Whitfield is a resident of Baltimore City, Maryland. (ECF No. 1 ¶ 7.) Defendant Contract Callers, Inc. is a business with a service address in Peachtree Corners, Georgia. (*Id.* ¶ 8.) As part of its business activity, Contract Callers attempts to collect debts. (*Id.* ¶ 9.) Defendant Diverse Funding is a business with a service address in Lutherville, Maryland. (*Id.* ¶ 10.) Diverse Funding is also engaged in the business of debt collection. (*Id.* ¶ 11.)

At some time prior to February 9, 2021, Whitfield incurred a debt arising out of transactions conducted primarily for personal, family, or household purposes. (*Id.* ¶¶ 23-24.) On or about February 9, 2021, Contract Callers sent Whitfield a letter regarding the debt. (*Id.* ¶ 31.) The letter stated that Diverse Funding was now the creditor to whom the debt was owed. (*Id.* ¶ 32.) The letter further reads as follows: "The original creditor was . [sic] You may recognize this as your . [sic]" (*Id.*) Whitfield alleges that she was confused as to who the original creditor was. (*Id.* ¶ 40-41.) She claims that she expended time, money, and effort trying to determine what to do in response to the letter. (*Id.* ¶ 43.) She also alleges that she suffered emotional harm because of the nature and confusing content of the letter. (*Id.* ¶ 44.) Whitfield further claims that she would have pursued a different course of action with respect to the debt had it not been for the misleading nature of the letter.[2] (*Id.* ¶ 50.) On

---

[2] Whitfield does not allege what she *did* in response to the letter.

June 22, 2021, Whitfield brought suit in this Court alleging that Contract Callers and Diverse Funding violated various provisions of the FDCPA in the letter she received. She seeks monetary damages and declaratory relief. (*Id.* ¶ 6.)

## STANDARD OF REVIEW

### I.     Motion to Dismiss Pursuant to Rule 12(b)(1)

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This jurisdictional attack may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject-matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). In a facial challenge, a court will grant a motion to dismiss for lack of subject-matter jurisdiction "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799. In making this determination, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

### II.    Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The

purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Congress enacted the Fair Debt Collection Practices Act in 1977. *See* Pub. L. 95-109, 91 Stat. 874 (1977). The FDCPA is concerned with "rights for consumers whose debts are placed in the hands of professional debt collectors." *Richards v. NewRez LLC*, Civil Action

No. ELH-20-1282, 2021 U.S. Dist. LEXIS 51233, at *56 (D. Md. Mar. 18, 2021) (citations omitted). The FDCPA protects consumers from debt collectors who engage in "abusive, deceptive, and unfair debt collection practices." 15 U.S.C. § 1692(e). "To establish a claim under the FDCPA, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Richards v. NewRez LLC*, 2021 U.S. Dist. LEXIS 51233, at *57 (D. Md. Mar. 18, 2021) (citations omitted). The statute "authorizes private lawsuits and weighty fines designed to deter wayward collection practices." *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1720 (2017).

## I.     Motion to Dismiss

Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. Art. III, § 2. "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III" that gives meaning to these constitutional limits by "'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). The "irreducible constitutional minimum" of Article III standing requires a plaintiff to "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc., v. Robins*, 136 S. Ct. 1540 (2016). Plaintiff bears the burden of establishing standing, as she is "the party seeking to invoke federal jurisdiction." *Friends for Ferrell Parkway, LLC v. Stasko*, 282 F.3d 315, 320 (4th Cir. 2002) (quoting *Lujan*,

504 U.S. at 561). To demonstrate an injury in fact, a plaintiff must show "an invasion of a legally-protected interest which is (a) concrete and particularized, and (b) actual or imminent." *Lujan*, 504 U.S. at 560-61 (citations omitted); *Griffin v. Dep't of Lab. Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019).

In this case, Defendants argue that Plaintiff's complaint should be dismissed for lack of jurisdiction because Plaintiff cannot establish Article III standing. Specifically, Defendants contend that Plaintiff has met not the "concrete-harm requirement" of the injury in fact inquiry. *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Plaintiff argues that her allegations constitute substantive violations of the FDCPA that on their own confer Article III standing. In the alternative, Plaintiff argues that she has established both tangible and intangible harms that satisfy the concrete-harm requirement.

The United States Supreme Court's recent decision in *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021), clarified the constitutional requirements for standing. As Judge Seibel of the United States District Court for the Southern District of New York has noted:

> *TransUnion* explains that a concrete harm must have a "'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *Id.* (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016)). Tangible harms, including "[m]onetary harms" are among those that "readily qualify as concrete injuries under Article III." *Id.* Intangible harms also may be concrete, provided they satisfy the "close relationship" analysis, in which the "inquiry [is] whether plaintiffs have identified a close historical or common-law analogue for their asserted injury." *Id.*
>
> Regarding statutory harms, *TransUnion* held that while Congress's views on whether a harm is sufficiently concrete "may be 'instructive,'" *id.* (quoting *Spokeo*, 136 S. Ct. at 1549), courts may not assume that the existence of a statutory prohibition or obligation automatically elevates that prohibition or obligation to a harm that is concrete under Article III. *Id.* at 2204-05. "For standing purposes, therefore, an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's

6

violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." *Id.* at 2205. To establish standing a plaintiff must not only show that the defendant's conduct violated a statute, but that the plaintiff was "*concretely harmed* by a defendant's statutory violation." *Id.* (emphasis in original).

*Age Kola v. Forster & Garbus LLP*, No. 19-CV-10496 (CS), 2021 U.S. Dist. LEXIS 172197, at *11-12 (S.D.N.Y. Sep. 10, 2021).

As to Plaintiff's argument that an invasion of a statutory right under the FDCPA on its own is enough to establish Article III standing, the Supreme Court in *TransUnion* was clear that while courts "must afford due respect to Congress's decision to impose a statutory prohibition or obligation on a defendant," Congress "may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." *TransUnion*, 141 S. Ct. at 2204-05 (citing *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018) (Sutton, J.)). Accordingly, this Court must determine whether Plaintiff was "concretely harmed" by Defendants' alleged violations of the FDCPA. *TransUnion*, 141 S. Ct. at 2205.

### A.    Tangible Harm

Plaintiff argues that she suffered tangible harm as a result of Defendants' alleged violations of the FDCPA because she was confused about who originally owned the debt and therefore "expended time, money, and effort" in determining "the proper course of action." (ECF No. 1 ¶¶ 42, 43.) Plaintiff also alleges that she "suffered emotional harm due to Defendants' improper acts." (ECF No. 1 ¶ 44.) The Supreme Court has ruled that "certain harms readily qualify as concrete injuries under Article III. The most obvious are traditional tangible harms, such as physical harms and monetary harms." *TransUnion*, 141 S.

Ct. at 2204. Nevertheless, to survive a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), Plaintiff must still allege facts sufficient to establish standing. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Simply put, Plaintiff's factual allegations are insufficient to establish tangible harm and are thus insufficient to establish a concrete injury as required for standing under Article III of the Constitution.

Plaintiff alleges that as a result of her confusion as to the identity of the original owner of the debt she was unable to evaluate her options for how to handle the debt. Plaintiff next alleges that she expended time and money determining the proper course of action, but she does not allege what she spent the time and money doing. In her Response in Opposition to the Motion to Dismiss, Plaintiff argues that "she specifically failed to take action." (ECF No. 8 at 14.) While her argument in her Opposition does not constitute an allegation in the Complaint, it is not plausible on its face that deciding to do nothing in response to a confusing letter caused Plaintiff to expend time and money and caused her emotional harm. Accordingly, Plaintiff has failed to allege that she suffered tangible harm as a result of receiving Defendants' letter.

### B.     Intangible Harm

Plaintiff has also failed to establish that she suffered a concrete intangible harm. The Supreme Court in *TransUnion* noted that "[various] intangible harms can also be concrete. Chief among them are injuries with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *TransUnion*, 141 S. Ct. at 2204. In other words, Plaintiff must identify a "close historical or common-law analogue for [her] asserted injury." *Id.* "[W]here a key element of the analogous common-law or historical harm is

missing, the plaintiff lacks standing." *Age Kola v. Forster & Garbus LLP*, No. 19-CV-10496 (CS), 2021 U.S. Dist. LEXIS 172197, at *15 (S.D.N.Y. Sep. 10, 2021) (citing *TransUnion*, 141 S. Ct. at 2207-09; *Ward v. Nat'l Patient Account Servs. Sols.*, 9 F.4th 357, 362 (6th Cir. 2021)).

Both Plaintiff and Defendants agree that the appropriate common law analogue for the alleged violations of the FDCPA is fraud or misrepresentation. (ECF No. 8 at 10; ECF No. 9 at 7.) Defendants argue that Plaintiff's allegations do not establish that she relied on any misrepresentations in the letter to her detriment. Plaintiff argues that justifiable reliance is not a key element of the common law tort of fraud or misrepresentation.

As Judge Seibel has stated:

> With regard to fraudulent, or intentional, misrepresentation, courts agree in substance that the plaintiff must prove the following elements: "(1) an intentional misrepresentation (2) of fact (3) that proximately causes harm and (4) is material, (5) intended to induce and . . . does induce reliance by the plaintiff, (6) which is reasonable or 'justifiable.'" Dan B. Dobbs, Paul T. Hayden & Ellen M. Bublick, The Law of Torts § 664 (2d ed. 2021). As to negligent misrepresentation, "most courts hold that in certain circumstances defendants are under a duty to exercise reasonable care in making representations of fact that induce a transaction and consequently can be liable for negligent misrepresentation in those circumstances." *Id.* § 666. "A representation is not actionable unless the plaintiff in fact relies upon it. . . . [I]f the plaintiff has not relied, the misrepresentation has caused no harm." *Id.* § 671.

*Age Kola v. Forster & Garbus LLP*, No. 19-CV-10496 (CS), 2021 U.S. Dist. LEXIS 172197, at *17-18 (S.D.N.Y. Sep. 10, 2021); *see also Adams v. Skagit Bonded Collectors, LLC*, 836 F. App'x 544, 546 (9th Cir. 2020) (citing Restatement (Second) of Torts §§ 525, 537, 550-552 (Am. L. Inst. 1977); *Todd v. Xoom Energy Md., LLC*, No. GJH-15-0154, 2017 U.S. Dist. LEXIS 23311, at *15 (D. Md. Feb. 16, 2017) ("to state a claim for common law fraud, a plaintiff must allege . . . (4) that the plaintiff relied on the misrepresentation . . .") (internal quotations omitted).

In this case, Plaintiff has made no allegation that she relied to her detriment on anything in the letter at issue. In fact, she does not allege that she did anything in response to the letter other than "determin[e] the proper course of action." (ECF No. 1 ¶ 43.) Plaintiff has failed to plead allegations sufficient to establish with any plausibility that she suffered a concrete intangible harm analogous to common law fraud or misrepresentation. Because Plaintiff has failed to establish that she suffered either a tangible or traditionally-recognized intangible harm, she has not met her burden under the Supreme Court's standing jurisprudence to establish that she suffered a concrete harm. *TransUnion v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). Accordingly, Plaintiff's Complaint is DISMISSED pursuant to Rule 12(b)(1) for lack of jurisdiction.[3] The dismissal is WITHOUT PREJUDICE to the filing of an Amended Complaint within a specific time period.[4]

## II.    Motion for Judicial Notice

Defendants have also filed a Motion for Judicial Notice asking this Court to take notice of three complaints that have been filed in other United States District Courts. (ECF No. 10.) Plaintiff has not responded to the motion. "The failure to respond to the Motion is

---

[3] Because this Court lacks jurisdiction, it need not address the other arguments raised by Defendants in their Motion to Dismiss. *See, e.g.*, *Richardson v. Mayor of Balt.*, Civil Action No. RDB-13-1924, 2014 U.S. Dist. LEXIS 1277, at *13 (D. Md. Jan. 7, 2014)

[4] Plaintiff has requested leave to amend her Complaint should this Court find any error with it. (ECF No. 8 at 25-26.) Defendants have not responded to the request. Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend a pleading "when justice so requires." The United States Court of Appeals for the Fourth Circuit has "interpreted [Rule] 15(a) to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426 4th Cir. 2006) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). In this case, those factors are not present.

tantamount to a waiver of any opposition on the merits." *Stewart Title Guar. Co. v. Sanford Title Servs., L.L.C.*, Civil Action No. ELH-11-00620, 2011 U.S. Dist. LEXIS 130889, at *9 (D. Md. Nov. 10, 2011). In the context of a motion to dismiss, this Court "may take notice of judicial docket entries, pleadings and papers in other cases without converting a motion to dismiss into a motion for summary judgment." *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 U.S. Dist. LEXIS 110133, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x. 200 (4th Cir. 2016); *see also Aletum v. Kuehne + Nagel Co.*, Civil Action No. ELH-19-1972, 2020 U.S. Dist. LEXIS 71248, at *12 (D. Md. Apr. 23, 2020). Accordingly, though the pleadings in question do not factor into this Court's analysis of Defendants' Motion to Dismiss, the Motion for Judicial Notice (ECF No. 10) is GRANTED.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Judicial Notice (ECF No. 10) is GRANTED. Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) (ECF No.7) is also GRANTED, and Plaintiff's Complaint is DISMISSED for lack of standing. Plaintiff has requested leave to amend her Complaint. (ECF No. 8 at 25-26.) This Court GRANTS Plaintiff leave to file an Amended Complaint. If an Amended Complaint is not filed by January 4, 2022, the Clerk of this Court is instructed to CLOSE this case.

A separate order follows.

Dated: December 20, 2021

_____/s/_____
Richard D. Bennett
United States District Judge